UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JOHN RIVAS,

                Plaintiff,                      VERIFIED
                                                     COMPLAINT
      -against-                        AND DEMAND FOR
                                                     <u>A JURY TRIAL</u>

THE CITY OF NEW YORK, N.Y.C.
DETECTIVE YUAN NEWTON,
POLICE OFFICER JEANETTE
RODRIGUEZ, SHIELD # 3555,
AND P.O. "JOHN DOE (1)-(6)",
SUED INDIVIDUALLY AND IN
HIS/HER OFFICIAL CAPACITY,

                Defendants.

--------------------------------------------------------X

     1.  This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States for excessive force, deliberate indifference based upon the improper hiring and/or retention of incompetent, unqualified, unfit and assaultive employees.

JURISDICTION

     2.  This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

PARTIES

     3. Plaintiff is a resident of New York City, Kings County, State of New York.

     4. At all times hereinafter mentioned, the Defendant New York City Police Officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as NYPD police officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department (NYPD) and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the NYPD.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about February 15, 2019, inside of 2726 Linden Boulevard, Brooklyn, New York, plaintiff was lawfully in his apartment when these "John Doe" NYPD officers entered his apartment without a search warrant and without any consent and proceeded to falsely arrest plaintiff and assaulted him in the process of said arrest.

10. Said assault resulted in plaintiff sustaining cuts and bruises to his face and body which required treatment at a hospital upon his release from custody a few days later.
which resulted in a laceration to his head.

11. Plaintiff was arrested and taken to the 75th precinct (Arrest # K19608788R).

12. Plaintiff was processed and taken to Central Booking but was released from Central Booking without any criminal charges being brought against him, as the district attorney's office declined to prosecute plaintiff.

13. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not

limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

14. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

15. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## AS AND FOR A FIRST
## CAUSE OF ACTION FOR FALSE ARREST
**(42 U.S.C. §1983)**

16. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

17. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

18. These defendant officers acted without probable cause to arrest as the information in their possession at the time of his arrest was insufficient to justify the bringing of any criminal charges against plaintiff.

19. Prior to plaintiff's arrest, Detective Newton had issued a Wanted Poster accusing plaintiff of "Reckless Endangerment" related to an incident of December 25, 2018.

20. But the information possessed by Detective New ton and the arresting officers failed to establish probable cause for plaintiff's arrest.

21. Plaintiff was processed and taken to Central Booking but was released from

Central Booking without any criminal charges being brought against him, as the district attorney's office declined to prosecute plaintiff.

22. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

23. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE
### (42 U.S.C. §1983)

24. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

25. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

26. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

27. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

28. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

# THIRD CAUSE OF ACTION FOR
# FOR VIOLATION OF CIVIL RIGHTS
(Monell Violation)

29. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

30. Defendant City and N.Y.P.D., through The NYPD Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

31. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants and "John Doe" for compensatory damages in the amount of Two Hundred Thousand ($200,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of Three Hundred Thousand ($300,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
November 30, 2021

**RESPECTFULLY,**

**/s/**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

# VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       November30, 2021

                                    _____/s/_____
                                    STEVEN A. HOFFNER, Esq.
                                    (SH-0585)